26166.   GORNTO v. THE STATE.

ARGUED NOVEMBER 9, 1970—DECIDED DECEMBER 3, 1970.

*Haas, Holland, Freeman, Levison & Gibert, Jack S. Hutto,* for appellant.

*Terrence Nichols, Solicitor, William R. Killian,* for appellee.

FELTON, Justice. 1. *Code Ann.* § 26-2101 is not violative of the First and Fourteenth Amendments of the United States Constitutino on the ground of vagueness. Gable v. Jenkins, 309 FSupp. 998 (4) (N.D. Ga., 1969), affirmed, Gable v. Jenkins, 397 U. S. 592 (90 SC 1351, 25 LE2d 595). Enumerated error 1 is without merit.

2. *Code Ann.* § 26-2101, supra, is not violative of the First, Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution on the ground that the constitutional right to mere possession of obscene material, recognized in Stanley v. Georgia, 394 U. S. 557 (89 SC 1243, 22 LE2d 542), necessarily implies the right to purchase such material and, hence, the right of others, including appellant, to distribute it. In the Stanley case supra, pp. 567-568, the Supreme Court specifically negated any relationship of interdependence between the States' recognized broad power to regulate the public distribution of obscenity, and the mere possession of such material by the individual in the privacy of his home, to which the States' power does not extend. See also, Gable v. Jenkins, 309 FSupp. 998, 1000, supra. Enumerated error 2 is without merit.

3. "There is no necessity for an adversary hearing on the question of obscenity of publications prior to the institution of a criminal action against the distributor, where the publications have been obtained by the prosecuting officers by purchase and no seizure of the publications is required for evidence." *Peachtree News Co. v. Slaton,* 226 Ga. 471 (175 SE2d 539). The evidence in the present case was obtained by purchase. Enumerated error 3 is without merit.

4. The *sole* contents of the magazine sold by appellant were photographic depictions of nudity (including unclothed human male and female genitalia in close proximity) and acts of homosexuality, sadism and masochism, and verbal descriptions (in coarse, vulgar language) of acts of masturbation, homosexuality, sodomy, bestiality, sexual intercourse (fornication), sadism and masochism. The jury was correctly charged as to the statutory definition of obscene material, as contained in *Code Ann.* § 26-2101 (b, c). Their finding, that the above-described material comes within such statutory definition, is authorized by the evidence,

which supports their verdict of guilty. Enumerated error 4 is without merit.

5. The statute in question is not unconstitutional as applied on the grounds that there was evidence neither of what had and had not been held previously to be obscene nor that the material in question appealed predominantly to the prurient interest of the "average member of the community." A clergyman testified for the State as to community standards and generally as to the material's appeal to prurient interest and exceeding customary limits of candor, etc. Furthermore, the standard to be applied is not what may or may not have been held to be obscene in other jurisdictions, but what is acceptable in the local community. The jurors represented the average members of their own community and, as the triors of fact, were charged with the responsibility of making such determination, guided by the evidence presented and by their individual and collective awareness of the standards and norms of their community. Enumerated error 5 is without merit.

6. Accordingly, the trial court did not err in denying appellant's motions to dismiss, for a directed verdict, for a new trial, and in arrest of judgment, or in rendering judgment on the verdict of guilty.

*Judgment affirmed. All the Justices concur.*