**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Robert E. COTE, Defendant-Appellant.**

**No. 72-2417**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 11, 1973.

Rehearing Denied Nov. 9, 1973.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

George Grove, Jr., Beverly Hills, Cal., for defendant-appellant.

Frank McCown, U. S. Atty., Alex H. McGlinchey, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Pursuant to the order of the Supreme Court of the United States dated June 25, 1973 vacating our judgment and remanding this cause to this court, we have made an "independent constitutional judgment on the facts of the case as to whether the material is constitutionally protected", Jacobellis v. Ohio, 378 U.S. 184, 190, 84 S.Ct. 1676, 1679, 12 L.Ed.2d 793 (1964). Furthermore, we have tested the materials under both the standard for obscenity set out in A Book Named John Cleland's Memoirs of a Woman of Pleasure v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), and the standard recently enunciated in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). See United States v. Thevis, 484 F.2d 1149 (5th Cir. 1973). The statute involved, 18 U.S.C. § 1461, has been the subject of authoritative judicial construction which renders its application constitutionally proper.

The materials for which Cote was prosecuted were magazines entitled. "Ups and Downs No. 4", "Duplex" and "Gemini"; a reel of movie film entitled: "Tri-sex"; and advertising materials thereabout.[1] We have tested each and all of these materials in the manner set out in Thevis, supra. If the test results of each of these articles were put into tabular form as was done in Thevis, every answer to every question would be yes.[2]

Therefore, the convictions of Robert E. Cote upon his pleas of guilty are again

Affirmed.[3]

---

1. The following excerpt from Defendant's brief in this court describes the materials involved:

   That the picture books, films and advertisements charged in the indictment in the case at bar depict nude females in sexually suggestive poses and body movements is not in dispute. That there are occasionally a man and woman or two women in a picture (but without explicit sexual activity) is conceded. That the pictures and films are vulgar and monotonous is beyond argument. That no serious social message is communicated or intended by the pictures and films is evident. That no great dramatic talent or graphic artistry is demonstrated in the pictures and films is readily determinable upon a casual viewing.

   Tawdry? Very probably. Dull? Certainly. Sexually provocative? Perhaps to some; undoubtedly pathetic or laughable to others.

2. Defendant contends that only hard-core pornography, which he defines as portrayal of explicit sexual acts in which the genitals are exposed, may be punished as criminally obscene. He urges that we follow the "actual performance" of the Supreme Court "as distinguished from its rhetoric." With the announcement of Miller and the companion cases of the same date, the Court's "performance" has taken a significant new turn. See Thevis, supra.

3. Cote received concurrent two-year sentences upon each count.