**UNITED STATES of America,**
**Appellee,**

**v.**

**Melvin FRIEDMAN and Peachtree National Distributors, Inc.,**
**Appellants.**

**Nos. 72-1143, 72-1144.**

United States Court of Appeals,
Tenth Circuit.

Argued July 14, 1973.

Submitted Dec. 11, 1973.

Rehearing Denied Jan. 29, 1974.

Robert Eugene Smith, Atlanta, Ga. (Gilbert H. Deitch, Atlanta, Ga., Don Manners, William R. Cathcart, and Jim Merz, Oklahoma City, Okl., of counsel, with him on the Brief), for appellants.

William R. Burkett, U. S. Atty., for appellee.

Before LEWIS, Chief Judge, SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

Melvin Friedman and Peachtree National Distributors, Inc. appeal from their convictions and sentences for violation of 18 U.S.C. § 1465 after a trial to a jury in the United States District Court for the Western District of Oklahoma.

It is our view that the several recent decisions of the Supreme Court require a reconsideration of the standards applicable to cases of this nature. *See* Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); United States v. 12 200–Ft. Reels of Super 8mm. Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973).

These decisions, in our opinion, require a reexamination of the facts of this case together with the determination of what may be the applicable standards. We are not unmindful of the decisions of other circuits which hold that remand is not necessary. We are not prepared to hold or assume that in all instances the national standards are more lenient than all local standards. Further there are substantial unresolved questions as to the nature of the proof now required.

The decisions cited above include cases arising under state law and under federal law. The Court did not express itself directly on the application of "community standards" to trials under the federal statute as compared to its statement as to the state laws in Miller. *See,* however, United States v. 12 200–Ft. Reels, 413 U.S. at 123, 93 S.Ct. 2665, and the reference therein to "these" standards. 12 200–Ft. Reels upheld an attack on the constitutionality of 19 U.S.C. § 1305(a), and the Court related the tests under that section to the examples in Miller. In United States v. One Reel of Film, 481 F.2d 206, the First Circuit considered a post-Miller forfeiture case also under 19 U.S.C. § 1305 as to a film seized upon entry into the country. The court there applied national standards to the seizure apparently for the very practical reasons expressed in the concurring opinion.

A consideration of the application of national or local standards should be initially made by the trial court in addition to the determination of what such standards may be. *See also* United States v. Ewing, 445 F.2d 945 (10 Cir.), opinion after remand to this court.

Although it is clear that venue in this case was properly laid in the Western District of Oklahoma, 18 U.S.C. §§ 1465, 3237(a); *see* Swisher v. Moseley, 442 F.2d 1331 (10th Cir.); United States v. Luros, 243 F.Supp. 160 (N.D.Iowa), rev'd on substantive grounds, sub nom. Luros v. United States, 389 F.2d 200 (8th Cir.); cf. Gold v. United States, 378 F.2d 588 (9th Cir.); United States v. Ross, 205 F.2d 619 (10th Cir.), we query why the case was brought in that district as opposed to another. Considerations of *forum non conveniens* and the interests of justice, *see* Fed.R.Crim. P. 21(b), and the principles enunciated in United States v. Luros, 243 F.Supp. 160 (N.D.Iowa), would appear to be applicable to such cases as this where a national distributor of "literature" distributes its material throughout the nation. *See* Jones v. Gasch, 131 U.S.App.D.C. 254, 404 F.2d 1231 (opinion and dissent). We of course express no view on this matter but merely raise the question. It is apparent that this problem will be of increasing importance in cases of this nature in the future.

Accordingly, the judgments of conviction are hereby vacated and the cause is remanded to the district court for a new trial.