**CHEROKEE NEWS & ARCADE, INC., et al., Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A-16120.**

Court of Criminal Appeals of Oklahoma.

June 6, 1974.

Rehearing Denied June 24, 1974.

**626**

Don E. Gasaway, Tulsa, for appellants.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellants, Cherokee News & Arcade, Inc., Joyce Stoffell, Rosalie Lonsdale, Walter Lonsdale, David A. Goldsmith, and Mike Fox, hereinafter referred to as defendants, were charged, tried, and convicted for fourteen criminal violations of Sale of Obscene Materials. The fourteen charges were consolidated for trial and tried before the court without a jury. Defendants were found guilty and punishment was fixed at a fine of One hundred dollars ($100.00) per defendant per case for a total of Two thousand eight hundred dollars ($2,800.00) in fines. From that judgment and sentence, defendants perfected a timely appeal to this Court, wherein this Court affirmed the conviction in Case No. CRM–69–947 and reversed the other convictions. See Cherokee News & Arcade, Inc., et al. v. State, Okl.Cr., 509 P.2d 917 (1973). Thereafter, certiorari was granted in the United States Supreme Court and on October 23, 1973, that Court remanded this case for further consideration in light of the cases of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); Paris Adult Theater I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); Kaplan v. California, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973); United States v. 12 200-ft. Reels of Super 8 mm. Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973); United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973); Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973), and Alexander v. Virginia, 413 U.S. 836, 93 S.Ct. 2803, 37 L.Ed.2d 993 (1973). In compliance with the Supreme Court's Mandate, the following review of our opinion dated January 26, 1973, is undertaken.

In defendants' original appeal, they first asserted that the absence of a statutory procedure for a judicial determination of obscenity prior to arrest and seizure of the materials rendered the Oklahoma obscenity statutes unconstitutional. In support of this argument, defendants submitted the cases of Marcus v. Search Warrant, 367 U.S. 717, 84 S.Ct. 1708, 6 L.Ed.2d 1127 (1961) and A Quantity of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964). In our original opinion we noted the evidence, the subject of the prosecution, was not confiscated in a mass seizure. The publications admitted into evidence were purchased individually on different dates by different people from different defendants. We noted a distinction between a seizure and purchasing a copy as evidence of a criminal offense, citing Peachtree News v. Slaton, 226 Ga. 471, 175 S.E.2d 539 (1970) and Gornto v. State, 227 Ga. 46, 178 S.E.2d 894, 896 (1970). We concluded no adversary hearing on the question of probable obscenity prior to the institution of criminal action was necessary where the publications have been obtained by prosecuting officers through a purchase and not by seizure. We find this holding in compliance with the decisions rendered in Heller v. New York, supra, and Roaden v. Kentucky, supra. See also McCrary v. State, Okl.Cr., 533 P.2d 629, decided by this Court on the 5th day of June, 1974.

Defendants' next challenge to the constitutionality of 21 O.S.1971, §§ 1040.8 and 1040.13 is predicated upon the argument that the application of the statutes is not limited to distribution to juveniles, or unwilling, unsuspecting individuals, or un-

der pandering circumstances. In its recent opinion of Kaplan v. California, supra, the Supreme Court held commercial exposures and sale of obscene materials to anyone, including consenting adults, is not protected by the First Amendment. See also Paris Adult Theater I v. Slayton, supra. We therefore find our opinion of January 26, 1973, compatible with the recent decisions of the Supreme Court in regard to this issue.

Defendants further argue on remand that § 1040.8 and § 1040.13 are unconstitutional on their faces as the statutory language does not comply with the obscenity requirements and standards set forth in Miller v. California, supra. In enunciating the standards the Supreme Court in *Miller*, supra, stated as follows:

"State statutes designed to regulate obscene materials must be carefully limited. (citations omitted) As a result, we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law, *as written or authoritatively* construed. A state offense must also be limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value. (emphasis added)

"The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, (citations omitted). (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law, and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. . . . If a state law that regulates obscene material is thus limited, as *writ-*

*ten or construed,* the First Amendment values applicable to the States through the Fourteenth Amendment are adequately protected by the ultimate power of appellate courts to conduct an independent review of constitutional claims when necessary." (emphasis added)

It is in light of these new standards that § 1040.8 and § 1040.13 must be considered. In regard to counsel's argument that said statutes should not be given saving construction, we note our recent decision of McCrary v. State, 533 P.2d 629 decided on the 5th day of June, 1974, and the discussion of the law set out therein.

For the reasons set out in *McCrary,* supra, we hold that a saving construction of § 1040.8 and § 1040.13 is possible.

The pertinent portions of § 1040.8 are as follows:

"It shall be unlawful for any person to knowingly photograph, act in, pose for, model for, print, sell, offer for sale, give away, exhibit, publish, offer to publish, or otherwise distribute, make display, or exhibit, any *obscene* book, magazine, story, pamphlet, paper, writing, card, advertisement, circular, print, picture, photograph, motion picture film, image, cast, slide, figure, instrument, statue, drawing, presentation, or other article which is *obscene, filthy, indecent, lascivious, lewd or unfit,* as defined in Title 21 of the Oklahoma Statutes, § 1040.12" (emphasis added)

The pertinent portions of § 1040.13 are as follows:

"Every person who, with knowledge of its contents, sends or causes to be sent, or brings or causes to be brought, into this State for sale or commercial distribution or in this State prepares, sells, exhibits or commercially distributes, or gives away or offers to give away, or has in his possession with intent to sell or commercially distribute or to exhibit or to give away or offer to give away,

any *obscene, lewd, lascivious, filthy or indecent article, or any article of obscene, lewd, lascivious, filthy or indecent character or of indecent or immoral use, or any obscene, lewd, lascivious, filthy or indecent* printed or written matter or material, other than mailable matter, or any mailable matter made subject to this section by virtue of Section 11 of this Act; . .. . ." (emphasis added)

■■ It is a fundamental principle of constitutional law that whenever fairly possible an appellate court will construe a statute so as to avoid a constitutional issue. In the instant case a serious doubt has been raised as to the vagueness of the emphasized phrases of § 1040.8 and § 1040.13 above. By way of saving construction we therefore construe said emphasized phrases as limiting regulated material to patently offensive representations or descriptions of that specific "hardcore" sexual conduct given as examples in *Miller,* supra. See *12 200-ft. Reels,* supra. Therefore the emphasized phrases as used to describe regulated materials in § 1040.8 and § 1040.13 are hereby construed to describe that material which constitutes:

(a) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated; or

(b) Patently offensive representatives or descriptions of masturbation, excretory functions or lewd exhibition of the genitals.

■■ Whenever an alleged violation of § 1040.8 or § 1040.13 is submitted to a jury, the jury must be fully instructed as to the above definition of the regulated material. The jury must further be instructed as to the Miller standards for a finding of obscenity to-wit:

(a) Whether the average person, applying contemporary community standards, would find that the work, taken as a whole, appeals to the prurient interest;

(b) Whether the work depicts or describes, in a patently offensive way, that sexual conduct specifically defined above; and

(c) Whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

The jury need not consider nor the State put on ancillary evidence of hypothetical and unascertainable "national standards." The jury need only apply contemporary state community standards.

■ The defendants next urge on remand that even though this Court construed § 1040.8 and § 1040.13 in conformance with *Miller,* supra, said construction should not be retroactively applied to these defendants. We cannot agree. The defendants have been charged under statutes which we believe provided fair notice to the defendants that their activities might bring prosecution.

Therefore, said cause is hereby remanded to the trial court for retrial in conformance with the terms and tenor of this opinion. Upon retrial the trier of facts should be guided by the standards and definitions set out above and in a jury trial, the jury should be amply instructed as to said definitions and standards. See United States v. Thevis, 484 F.2d 1149 (5th Cir. 9–12–73); United States v. Cote, 485 F.2d 574 (5th Cir. 10–11–73); United States v. Millican, 487 F.2d 331 (5th Cir. 10–18–73); United States v. Friedman, 488 F.2d 1141 (10th Cir. 12–11–73) and United States v. Thevis, 490 F.2d 76 (5th Cir. 2–19–74).

BRETT and BUSSEY, JJ., concur.