## 55002. HAYS v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of distributing obscene materials in violation of Code § 26-2101. *Held:*

1. The accusation contained three separate counts. In Count 1 it was alleged that defendant on July 21, 1975, distributed obscene material by exhibiting a motion picture entitled "The Psychotic." Count 2 charged that on the same date defendant distributed obscene material by exhibiting another movie which was untitled. In Count 3 defendant was accused of selling an obscene magazine and possession of obscene devices with intent to sell them

on July 22, 1975. A motion for severance requesting a separate trial on each count was denied. When two or more offenses are joined which are based on the same conduct or on a series of connected acts as constituting parts of a single scheme or plan, severance is a matter that rests within the sound discretion of the trial judge. *Padgett v. State,* 239 Ga. 556 (238 SE2d 92). The evidence shows that defendant was the manager of a combination book store and theatre; and that the acts charged occurred at this same location on two separate days. Thus there is evidence that defendant was engaged in a single scheme or plan to violate the obscenity statute. Severance was therefore discretionary and no abuse has been shown.

2. The defendant's motion to suppress was correctly denied. The seizure of the two films was made under the authority of a search warrant which was issued after a showing of probable cause. Defendant for the first time on appeal raises a new ground of objection to the seizure. This will not be considered. *Sanders v. State,* 134 Ga. App. 825 (1) (216 SE2d 371). The sexual devices were in plain view of the officer and their seizure was authorized under the plain view doctrine. *Sewell v. State,* 238 Ga. 495 (233 SE2d 187).

3. Several of the enumerations again raise issues which concern the constitutionality of Code § 26-2101 and the correctness of the court's charge on intent and constructive knowledge. All of these issues have been previously held to be meritless in decisions of the Supreme Court and this court. *Dyke v. State,* 232 Ga. 817 (209 SE2d 166); *Sewell v. State,* 238 Ga. 495, supra; *Pierce v. State,* 239 Ga. 844 (239 SE2d 28); and *Wood v. State,* 144 Ga. App. 236 (240 SE2d 743).

4. The court charged on commercial exploitation of erotica in conformity with Code § 26-2101 (d) and this charge was authorized by the evidence.

5. The failure to give three of defendant's requests to charge was not error. These requests contained in general guidelines for determining whether the materials in issue were obscene. The trial court gave the jury the correct guidelines on determining this issue as set forth in Code § 26-2101 (b).

6. As to the issue of whether the evidence will

authorize conviction, the defendant limits himself solely to the question of whether it was shown that he had knowledge of the nature of the films, the magazine and the devices. The evidence shows that defendant was the manager of a theatre-bookstore that admitted only adults. The establishment bore an X-rated movie sign and a sign advertising "sexually explicit material." The store exhibited openly the sexual devices and defendant sold the magazine to a police officer. This evidence was sufficient to show the element of knowledge. No issue as to the obscene nature of the materials has been raised on appeal.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED JANUARY 16, 1978 — DECIDED FEBRUARY 8, 1978 — REHEARING DENIED FEBRUARY 28, 1978 — CERT. APPLIED FOR.

*Glenn Zell,* for appellant.
*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, Assistant Solicitor,* for appellee.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

