## 57031. NELMS v. THE STATE.

SMITH, Judge.

Because of the trial court's failure to charge on circumstantial evidence, we must reverse Nelms' conviction for theft by receiving stolen property.

The indictment returned by the grand jury charged appellant with "Theft by Receiving Stolen Property for that the said Ted Nelms . . . disposed of stolen property, to-wit: a citizen's band radio, and a Coleman lantern belonging to Gary Hardeman and a sleeping bag, one .45 caliber rifle, serial number 34923 belonging to Chuck Butterworth of a value in excess of $100, *knowing said property was stolen;* said property not having been disposed of with intent to restore it to the owner . . ." (Emphasis supplied.) Appellant testified that he did not know the property had been stolen and that he purchased the property for $60 from a man in a red Camaro in the parking lot of an Athens restaurant. Appellant stated that, because he thought the price was "kind of cheap," he asked the man if the property was stolen. According to appellant, the man assured him the property was not stolen and explained the price by stating that "he just needed the money real bad" to cover a $200 fine which had been imposed upon him "a couple of days ago" "for DUI." Appellant's request to charge on circumstantial evidence read: "Comes now Defendant and requests . . . [t]he court's complete charge on circumstantial evidence." The trial court did not charge at all upon the law of circumstantial evidence.

While appellant did make a request to charge on circumstantial evidence, it was ineffective, as it was "nothing more than a mere reference to" circumstantial evidence and was not the requisite "complete and correct statement of the law." *McRae v. State,* 145 Ga. App. 122 (243 SE2d 110) (1978). However, even in the absence of an effective request, the trial court committed reversible error by failing to charge on the law of circumstantial evidence, including Code § 38-109. Here, there was no direct evidence showing appellant *knew* the property was stolen, and that knowledge was an essential element of the crime for which appellant was indicted. "Since the

only proof of an essential element of the crime with which the defendant was charged was by circumstantial evidence, the trial judge should have charged the law on circumstantial evidence, even without request, and his failure to do so was reversible error." *McGruder v. State,* 213 Ga. 259, 264 (98 SE2d 564) (1957); *Jones v. State,* 105 Ga. 649 (31 SE 574) (1898); *Williams v. State,* 239 Ga. 12 (2) (235 SE2d 504) (1977). (Accord, *Germany v. State,* 235 Ga. 836 (2) (221 SE2d 817) (1976), which suggests that *McGruder* applies to require reversal where the case is "close or doubtful" and the accused has offered a reasonable hypothesis save that of his guilt.)

Appellant's failure to object to the court's omission to charge here raises against him neither the principle of induced error nor that of waiver. Compare *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979), which overruled *Sims v. State,* 234 Ga. 177 (214 SE2d 902) (1975) and which held that the defendant waived the objection to the charge by failing to respond appropriately to the trial court's post-charge attempt to elicit objections. The court below made no such attempt to elicit objections to the charge. The case at bar is also distinguishable from the situation noted in *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859) (1975), where the defendant's failure to request a charge on a *collateral issue* and his failure to object to the omission thereof from the charge have been decisive against him. Contrarily, the instant case involves the trial court's failure to give instructions central to a proper resolution of the issue of appellant's guilt. The general rule applies here, that "a defendant in a criminal case may appeal and enumerate error on an erroneous charge or an erroneous failure to charge without first raising the issue in the trial court." *White,* p. 250, supra.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

Submitted January 15, 1979 — Decided June 22, 1979 — Rehearing denied July 13, 1979 —

*Jack H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook,*

*Jr., Assistant District Attorney,* for appellee.