### 58030, 58031. ADULT BOOKMART, INC. v. THE STATE; and vice versa.

UNDERWOOD, Judge.

Adult Bookmart, Inc. (hereafter appellant) is a corporation operating an adult book store in Fulton

County. On June 1, 1977 John Segars, an investigator for the solicitor of Fulton County, purchased a magazine entitled "Toy Box Love — The Joy of Sex Devices, Volume 1" and a magazine entitled, "World of Love & Sex, Book Three," at the Adult Bookmart on Stewart Avenue in Atlanta. After purchasing the magazines he and another investigator with him seized several artificial sexual devices that were on display in a glass showcase. Appellant received notice from the Clerk of the State Court of Fulton County, Criminal Division, that an accusation had been filed against it, and thereafter was tried and convicted of three counts of violating Code Ann. § 26-2101 (a) by selling two magazines (one count each) and possessing obscene material with the intent to sell such material. Appellant was sentenced to a $5,000 fine on each count, but after briefs were submitted by both appellant and the state, the trial court found that the sale of the two magazines constituted only one offense. The court dismissed Count 2 and reduced the total amount of the fine by $5,000. The state has appealed that ruling and appellant Adult Bookmart, Inc. has appealed its conviction. Additionally, it has filed a motion to dismiss the state's appeal on the ground that it does not fall within one of the four instances set forth in Code Ann. § 6-1001 when the state can appeal in a criminal case.

1. With regard to the motion to dismiss the state's appeal, the trial court's action setting aside Count 2 of the accusation falls clearly within the provisions of Code Ann. § 6-1001 (a) which provides, in pertinent part: "An appeal may be taken by and on behalf of the State of Georgia from the superior courts and such other courts from which a direct appeal is authorized to the Court of Appeals of Georgia . . . in criminal cases in the following instances: (a) From an order . . . setting aside . . . any indictment or information, or any count thereof." The order of the court in this case stated "[t]he conviction and sentence on count two is vacated and set aside." This is exactly the situation covered in Code Ann. § 6-1001 (a) and, therefore, the state is authorized to appeal. Accordingly, the motion to dismiss the state's appeal is denied. Because of our disposition of the issue raised by the state on appeal, we need not discuss whether the state is seeking an advisory opinion and

attempting to modify a sentence in violation of Code Ann. § 27-2506.1.

2. The contentions raised in each enumeration of error by appellant Adult Bookmart, Inc. have all been decided adversely to appellant by the Supreme Court. *Gornto v. State,* 227 Ga. 46, 47 (178 SE2d 894) (1970); *Sewell v. State,* 238 Ga. 495-496 (233 SE2d 187) (1977). Accordingly, the enumerations are without merit.

3. In the state's appeal it contends the trial court erred by ruling that the single sale of two obscene magazines made by one seller to one buyer, in one transaction at the same time and place, was only one offense. We disagree for the reasons set forth in our opinion in *Maxwell v. State,* 152 Ga. App. 776 (1979). Additionally, Code Ann. § 26-2601 (a) provides, in pertinent part: "A person commits the offense of distributing obscene material when he sells . . . to any person any obscene material of any description . . ." This makes it abundantly clear that the gravamen of the particular offense under consideration is selling obscene material, and there was only one sale. It follows that if there was only one sale, there was only one offense. The state's argument that the sale was made to two investigators is not supported by the evidence. The state asked Mr. Segars "[d]id *you* purchase these two books at the same time?" and he answered "[y]es *I* did." (Emphasis supplied.) Thus, it is clear that Mr. Segars was the actual buyer of the magazines. Accordingly, the state's enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Submitted June 14, 1979 — Decided December 3, 1979 — Rehearing denied December 20, 1979 in case no. 58030 —

*Charles W. Boyle, Glenn Zell,* for appellant.

*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, Assistant Solicitor,* for appellee.