59449. PLAYMATE CINEMA, INC. et al. v. THE STATE.

SOGNIER, Judge.

Playmate Cinema, Inc. (hereafter Playmate), Arnold Godfrey and David Papineau were convicted in the State Court of Fulton County of selling obscene material, possessing obscene devices for the stimulation of human genital organs and distributing obscene material.

1. In enumerations of error 1 and 2, Playmate contends its conviction and sentence is not authorized under Georgia law and the trial court erred in denying Playmate's motion for a new trial. We disagree. The state presented evidence which established that the name of the corporation and the Playmate Cinema, where the offenses occurred, were the same; the address of the corporation and the Playmate Cinema were the same; Playmate was incorporated for the purpose of operating a theatre; the annual report and the articles of dissolution of Playmate were signed by appellant Papineau, who was present on the date of the offenses and was manager of Playmate Cinema; Papineau was listed as the registered agent, president and manager of Playmate; and appellant Godfrey testified that Playmate owned the Playmate Cinema. This evidence is more than sufficient to

support the findings, and is in accordance with Georgia law. *Classic Art Corp. v. State,* 245 Ga. 448 (265 SE2d 577) (1980).

2. In regard to Enumeration 3, appellants contend that the trial court erred by failing to give a charge on circumstantial evidence, absent request, as the only evidence relating to the element of knowledge of appellants Papineau and Playmate was circumstantial. Appellants base their contention on *Nelms v. State,* 150 Ga. App. 720 (258 SE2d 531) (1979).

The requirement that a charge on circumstantial evidence be given absent a request was first imposed in *Hamilton v. State,* 96 Ga. 301 (22 SE 528) (1895), when the court said: "The failure to give some such instruction, in a close and doubtful case like the present, will entitle the accused to a new trial." Id., at 302. In *Toler v. State,* 107 Ga. 682 (33 SE 629) (1899), the Supreme Court followed the rule laid down in *Hamilton,* supra, and went on to state that this does not mean "that such failure will require a new trial where the guilt of the accused is clearly and convincingly proved, and where the charge of the court as to the amount and character of proof requisite to a lawful conviction is such as to leave no room for doubt that the verdict would have been the same even if the court had . . . stated to the jury the technical rule relating to circumstantial evidence."

In *Jones v. State,* 105 Ga. 649 (31 SE 574) (1898) the court again refused to grant a new trial on the ground that the trial court failed to give a charge on circumstantial evidence, indicating that only if it were a doubtful case, or there was some evidence to rebut an almost conclusive presumption of guilt, would the court reverse.

Next in this long line of cases is *McGruder v. State,* 213 Ga. 259 (98 SE2d 564) (1957), which seems to impose a stricter rule than *Hamilton, Toler,* and *Jones,* supra, by requiring reversal in all cases where the only proof of an essential element of an offense is by circumstantial evidence and the trial judge fails to charge on circumstantial evidence, even without a request to so charge. This court followed *McGruder* in the *Nelms* case, applying the rule strictly. However, in *Nelms* the court recognized that the rule set forth in *McGruder* applies only in "close or doubtful" cases, citing *Germany v. State,* 235 Ga. 836 (2) (221 SE2d 817) (1976) as authority. *Germany* does, in fact, limit application of the rule, as there the court held that "no new trial is required for failure to charge Code § 38-109 [circumstantial evidence] where the case is not close or doubtful and the charge on reasonable doubt is full and fair." Id. at 843. Although the rule was reiterated in *Williams v. State,* 239 Ga. 12, 13 (2) (235 SE2d 504) (1977), *Germany* is the last *definitive* decision on the subject by the Supreme Court of Georgia, and thus it is controlling. *Hall v. Hopper,* 234 Ga. 625 (216 SE2d 839) (1975).

Having shown how this rule evolved and is applied, it is clear why we required reversal in *Nelms. Nelms* falls in the category of a "close or doubtful" case, and the defendant also presented another reasonable hypothesis save that of his guilt. Thus, in *Nelms* we did no more than apply the rule first enunciated in *Hamilton v. State,* supra, in 1895 and we see no reason to disturb that opinion. The instant case does not fall within the ambit of *Nelms;* i.e., it is not a close and doubtful case and the evidence fails to suggest any reasonable hypothesis save that of guilt. In fact, appellant Godfrey testified that only one person worked each shift at the theatre, and that person ran the film and handled sales in the store where the magazines and sexual devices were sold; that appellant Papineau was the manager of Playmate and the adult bookstore in the same building housing Playmate; that Papineau came to the theatre and shop daily; that the books and devices were on open display; and that Mr. Papineau worked various shifts. Thus, it is apparent that Papineau ran the films and worked in the adult bookstore where the magazines and sexual devices were on display, and were sold. Further,.Papineau was present at the time the films were seized, and was president of Playmate. This review of all the evidence relative to knowledge on the part of Papineau and Playmate shows no other reasonable hypothesis save that of guilt. Accordingly, it was not error for the trial court to omit giving a charge on circumstantial evidence, absent request, and this enumeration is without merit.

3. In Enumeration 4 appellants attack Code Ann. § 26-2101 on the ground that it is unconstitutional. The argument that the statute is vague and overbroad has been decided adversely to appellants in *Gornto v. State,* 227 Ga. 46 (1), 47 (178 SE2d 894) (1970) and *Sewell v. State,* 238 Ga. 495 (233 SE2d 187) (1977). Although appellants contend the issue of unconstitutionality because the statute is an invasion of privacy in violation of the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the U. S. Constitution (Code Ann. § 1-101 et seq.) has never been passed on by the Supreme Court of Georgia and this court, this issue was decided adversely to appellants by the Supreme Court in Division 2 of *Gornto v. State,* supra, and *Jenkins v. State,* 230 Ga. 726, 728 (199 SE2d 183) (1973); this court has so held in *Walter v. State,* 131 Ga. App. 667, 672 (206 SE2d 662) (1974). In *Gornto* the Supreme Court held: "Code Ann. § 26-2101, supra, is not violative of the First, Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution on the ground that the constitutional right to mere possession of obscene material, recognized in Stanley v. Georgia, 394 U. S. 557 (89 SC 1243, 22 LE2d 542), necessarily implies the right to purchase such material and, hence, the right of others, including appellant, to distribute it. In

the Stanley case . . . the Supreme Court specifically negated any relationship of interdependence between the States' recognized broad power to regulate the public distribution of obscenity, and the mere possession of such material by the individual in the privacy of his home, to which the States' power does not extend."

4. Enumerations 5 and 6 have been decided adversely to appellants in *Ball v. State,* 149 Ga. App. 270, 272 (253 SE2d 886) (1979) and *Sewell v. State,* supra.

5. Appellants contend it cannot be determined from a general verdict if the jury found one or both of the films and magazines obscene. The judge correctly instructed the jury that if they found only one film or one magazine obscene they could return a verdict of guilty, for Code Ann. § 26-2101 (a) makes it a criminal offense to sell, exhibit or otherwise distribute *any* obscene material.

6. Lastly, appellants contend that since they were charged with exhibiting two films and two magazines on April 20, 1978 they committed but one offense and can only be sentenced for one offense. The evidence does not support this contention. Two police officers purchased tickets and observed the films; a third police officer purchased the two magazines involved, which were displayed openly, in a completely separate transaction. One offense occurred in the theatre and one offense occurred in the bookstore. "Unless otherwise provided by statute, a defendant . . . convicted under an indictment charging two or more distinct offenses may be punished for both or all, [Blockburger v. United States, 284 U. S. 299, 76 LE 306, 52 SC 180] if each offense requires proof of some fact or element not required to establish the other offense. [United States v. Beacon Co., 344 U. S. 43, 97 LE 61, 73 SC 77]" 21 AmJur2d § 546. Certainly proving that someone sold obscene magazines and possessed devices marketed and useful primarily for the stimulation of human genital organs, with the intent to sell and disseminate them to other persons, would not prove that obscene films were exhibited. Further, an intent to sell is not an element of establishing that obscene films were exhibited. Thus, the enumeration is without merit.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 7, 1980 — DECIDED MAY 23, 1980—
REHEARING DENIED JUNE 16, 1980 —

*Glenn Zell,* for appellants.
*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, George M. Weaver, Assistant Solicitors,* for appellee.

ON MOTION FOR REHEARING.

Appellants have filed a motion for rehearing, raising substantially the same issues enumerated as error on their initial appeal. We find no merit to the application for rehearing. Enumeration of error 5 in the original appeal alleged that the trial court erred by failing to give a requested instruction that contemporary community standards must be applied by juries in accordance with their own understanding of the tolerance of the persons in their community. We have re-examined the court's instructions and find that the instructions on this matter, when considered in their entirety, were adequate and proper.

*Motion for rehearing denied.*