### 60519. BOHIN et al. v. THE STATE.

SHULMAN, Judge.

Appellants were convicted of distributing obscene material (selling two obscene magazines) in violation of Code Ann. § 26-2101 (a). We affirm.

1. Both appellants contend that the evidence was insufficient, as a matter of law, to support the judgment of the trial court. While appellant Bohin (as the clerk or cashier of the Harem Bookstore) admits selling on two separate occasions the magazines which formed the basis of the obscenity charges, he contends that there was, nevertheless, no evidence of his knowing distribution of obscene materials in violation of Code Ann. § 26-2101 (a). We disagree.

The fact that defendant Bohin may not have ordered the materials in question or have had actual knowledge that the magazines legally constituted obscene materials does not mandate the reversal of his convictions. See, e.g., *Underwood v. State,* 144 Ga. App. 684 (4) (242 SE2d 339). Contrary to appellant Bohin's contentions, we are not presented here with a situation where the only evidence of defendant's violation of Code Ann. § 26-2101 (a) was his mere presence at the scene where the alleged obscene materials were found. Compare *Kametches v. State,* 242 Ga. 721 (1) (251 SE2d 232).

Defendant Bohin testified that he had looked at the two magazines; that he had looked at other magazines in the bookstore; that he was aware that such materials were sexually explicit; and that he sold the magazines in question, as alleged by the undercover police officers who purchased the magazines.

In view of such testimony, there was sufficient evidence to warrant the conclusion that defendant did distribute obscene materials knowingly or with constructive knowledge of the obscenity of the contents (that is, "knowledge of facts which would put a reasonable and prudent person on notice as to the suspect nature of the material") (Code Ann. § 26-2101 (a)). See *Underwood,* supra.

Nor do we agree with appellant-106 Forsyth Corporation's assertion that there was no evidence to connect it with the sale of the

magazines in question. There was documentary evidence admitted at trial in the form of lawsuits filed by defendant-106 Forsyth Corporation wherein the corporation acknowledged or admitted that it did business as "Harem Bookstore." That being so, the jury was authorized to find that defendant-106 Forsyth Corporation had violated the provisions of Code Ann. § 26-2101 (a) in disseminating the alleged obscene materials.

2. After an independent review, we conclude that the jury was authorized to find the distributed materials, which depicted "explicit sexual activity, natural, unnatural, and bizarre; including sexual intercourse, fellatio [and] cunnilingus . . ." (*Simpson v. State,* 144 Ga. App. 657, 659 (242 SE2d 265)), obscene. See also *Dobbs v. State,* 145 Ga. App. 14 (3) (243 SE2d 275); *Hess v. State,* 145 Ga. App. 685 (1) (244 SE2d 587).

3. Appellants argue that since all the evidence submitted on the issue of scienter was circumstantial, the trial court's failure to charge on the effect of circumstantial evidence, even absent request, constituted reversible error. Since we find that there was direct evidence of defendants' knowledge that the materials sold were sexually explicit, we do not agree that defendants' convictions were based solely on circumstantial evidence.

Moreover, where, as here, the defendants fail, upon the trial court's request for objections to its charge, to complain of the court's failure to charge on circumstantial evidence, any error in the court's failure to charge would be waived and would present no basis for reversal. See *White v. State,* 243 Ga. 250 (253 SE2d 694). Furthermore, under the rationale of *Playmate Cinema, Inc. v. State,* 154 Ga. App. 871 (269 SE2d 883), we find no error in the failure to charge.

4. Appellants complain of the trial court's charge that "[e]very person or corporation of sound mind and discretion is presumed to intend the natural and probable consequences of their acts" as impermissibly burden shifting. Since the court further charged that such presumption was rebuttable and that neither a person nor a corporation is presumed to act with criminal intention, we find no error. See *Denton v. State,* 154 Ga. App. 427 (1) (268 SE2d 725). See also *Whisenhunt v. State,* 152 Ga. App. 829 (264 SE2d 271); *Skrine v. State,* 244 Ga. 520 (260 SE2d 900).

5. Nor do we find merit in appellants' constitutional challenge to Code Ann. § 26-2101 (a). See *Underwood,* supra, Division 1.

6. Since we cannot determine from the record that the assistant solicitor, and not the trial judge (see Code Ann. § 59-7041), administered the oath of voir dire to the jury, we find no reversible error on this ground. See, e.g., *Dalton v. State,* 127 Ga. App. 504 (194

SE2d 268): "The presumption exists that the judge discharged all his duties, including the swearing of the jury. If in fact this was not done, the appellant[s'] remedy was to have the record corrected by following the provisions of Code Ann. § 6-805 (f)."

7. Nor do we find error in the trial court's denial of defendants' motions for separate trials on the two offenses with which each was charged.

"Here the two offenses arose from the same conduct, occurred at the same place, involved [substantially] the same persons [a second police officer actually purchased the magazine in the second incident], but occurred at different times. The evidence 'was not of such complexity as to hinder the trier of fact in being able to distinguish the evidence and apply the law intelligently as to each offense.' [Cit.] We find no error in the denial of the [defendants'] motion[s] for separate trials on the two accusations . . ." *Underwood,* supra, Division 2. See also *Hays v. State,* 145 Ga. App. 65 (243 SE2d 263).

8. Defendants submit that it was error for the trial court to refuse to charge their Request to Charge No. 3, which reads as follows: "The court instructs you that contemporary community standards must be applied by juries in accordance with their own understanding of the tolerance of the average person in their community." It is the trial court's failure to use the word "tolerance" upon which appellants base their contention of error. Since we find upon examination of the trial court's instructions that those instructions were adequate and proper in regard to the jury's task in determining whether or not the magazines offended contemporary community standards, the trial court did not err in refusing appellants' request to charge. See *Playmate Cinema, Inc.,* supra, On Motion for Rehearing; *Brown v. State,* 156 Ga. App. 201 (1980).

9. Appellants assert error in the trial court's charge on Code Ann. § 26-2101 (d). The court charged on commercial exploitation of erotica, in conformity with Code Ann. § 26-2101 (d), and this charge was authorized by the evidence. See *Hays,* supra, Division 4.

10. In view of the trial court's charge instructing the jury that in order for it to find the materials in question obscene it must first determine that the magazines met the criteria set forth in Code Ann. § 26-2101 (b) (substantially charging that provision), the court's additional instruction that material "which appeals to the prurient interest is material which has a tendency to excite lustful thoughts," even if error, would not be harmful. But see in this regard Roth v. United States, 354 U. S. 476, 487 (77 SC 1304, 1 LE2d 1498) (1956).

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 16, 1980 — DECIDED OCTOBER 10, 1980 — REHEARING DENIED OCTOBER 24, 1980 —

*Glenn Zell,* for appellants.
*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, George M. Weaver, Assistant Solicitors,* for appellee.