## 61143. NORTHCUTT v. THE STATE.

SHULMAN, Presiding Judge.

Defendant appeals his conviction of the offense of distributing obscene materials. Finding no error warranting the grant of a new trial, we affirm.

1. Defendant argues cogently against the constitutionality of Code Ann. § 26-2101. However, since the Supreme Court, in *Sewell v. State,* 238 Ga. 495 (233 SE2d 187), has found that § 26-2101 does not violate the constitutional requirement of scienter, defendant's assertion of error is without merit.

2. Under the authority of *Hays v. State,* 145 Ga. App. 65 (4) (243 SE2d 263); *Bohin v. State,* 156 Ga. App. 206 (274 SE2d 592) (1980); and *Loveland v. State,* 156 Ga. App. 746 (275 SE2d 387) (1980), we find no error in the trial court's charge of Code Ann. § 26-2101 (d) on the commercial exploitation of erotica.

3. Defendant complains of the following instruction: "If the material appeals to an abnormal interest in sex, it can be said to appeal to a prurient interest." Defendant asserts that the trial court erroneously equated a "prurient" interest with an "abnormal"

interest. We agree in essence with defendant's contention that such an equation does not present the appropriate standard for review of allegedly obscene materials, in that an abnormal interest is more inclusive than a prurient interest. However, since the trial court fully charged the jury as to the appropriate standard and instructed the jury on the legal definition of "prurient" (Code Ann. § 26-2101 (a)), we do not find reversible error in the complained of instruction. Reviewing the charge as a whole, the jury could not have been confused or misled by the instruction. *Bradham v. State,* 148 Ga. App. 89 (2) (250 SE2d 801).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MARCH 4, 1981.

*Charles W. Boyle,* for appellant.
*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, Assistant Solicitor,* for appellee.