## 61093. GATEWAY BOOKS, INC. v. THE STATE.

SHULMAN, Presiding Judge.

Defendant-Gateway Books, Inc., appeals its conviction of distributing obscene material in violation of Code Ann. § 26-2101 (a). We affirm.

1. Appellant complains that the three accusations of distributing obscene materials brought against it were improperly joined for trial. We disagree.

All three of the magazines which formed the basis of the three accusations brought against defendant were purchased by the same person, an investigator with the Fulton County Solicitor's office. Two of the magazines were identical and were purchased at different times from the same adult bookstore owned by the defendant. The third magazine was purchased from another bookstore also owned by the defendant. All three of the magazines were purchased within an eight-day period of time.

On the basis of the foregoing, we conclude, in accordance with *Underwood v. State,* 144 Ga. App. 684, 686 (242 SE2d 339), that the evidence " 'was not of such complexity as to hinder the trier of fact in being able to distinguish the evidence and apply the law intelligently as to each offense.' [Cit.]" See also *Hays v. State,* 145 Ga. App. 65 (243 SE2d 263). We hold that the trial court did not err in granting the state's motion to consolidate the accusations for trial.

2. Appellant asserts error in the trial court's charge on the commercial exploitation of erotica. Under the authority of *Hays v. State,* supra, Division 4; *Bohin v. State,* 156 Ga. App. 206 (1980); and *Loveland v. State,* 156 Ga. App. 746 (1980), we find no error in the trial court's charge in conformity with Code Ann. § 26-2101 (d).

3. Appellant's contention of error in regard to the evidence of scienter was, as appellant admits on appeal, decided adversely to appellant in *Sewell v. State,* 238 Ga. 495 (233 SE2d 187).

4. After an independent review of the allegedly obscene materials, we conclude that the jury was authorized to find the distributed materials which depicted "explicit sexual activity, natural, unnatural, and bizarre; including sexual intercourse, fellatio [and] cunnilingus . . ." (*Simpson v. State,* 144 Ga. App. 657, 659 (242 SE2d 265)), obscene within the meaning of Code Ann. § 26-2101.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MARCH 10, 1981.

*Charles W. Boyle,* for appellant.

*Hinson McAuliffe, Solicitor, Leonard Rhodes, Assistant Solicitor,* for appellee.