73703. GRIGGS v. THE STATE.
73704. BROWN v. THE STATE.
(353 SE2d 97)

DEEN, Presiding Judge.

Appellants Griggs (case no. 73703) and Brown (case no. 73704), both residents of Fulton County, were jointly indicted and tried for the armed robbery of a Newton County household. Both pled "not guilty" and alleged that they had not been in Newton County, the situs of the crime, and, moreover, that they had not even been together at the time the crime occurred. A Newton County jury found both guilty as charged, and they were sentenced to twenty years' imprisonment. Both have appealed from this judgment, Griggs assigning error on the general grounds (sufficiency of evidence) and Brown enumerating five alleged errors in addition to the general grounds. *Held*:

1. The appellate court, when reviewing the general grounds, will not disturb the fact-finder's conclusions, absent an error of law, if there is competent evidence to authorize a reasonable trier of fact to find appellant guilty beyond a reasonable doubt. We find sufficient competent evidence to support such a finding. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Rachel v. State*, 247 Ga. 130, 131 (274 SE2d 475) (1981).

2. Appellant Brown assigns as error the trial court's denial of a motion for mistrial when a law enforcement officer testified that he had obtained one of the pictures used in a photographic lineup from the DeKalb County Sheriff's Department. The granting or denial of a mistrial is within the sound discretion of the trial court, and we will not disturb his ruling in the absence of abuse of that discretion. *Hall v. State*, 177 Ga. App. 464 (339 SE2d 658) (1986). The trial transcript reveals that in the instant case, before the witness made the allegedly improper remark, defense counsel had alluded repeatedly to the fact that it was "mug shots" which were used in the photo lineups.

Whether the provenance of the pictures was DeKalb County or Newton County could hardly make any difference in the inference they might raise as to possible prior criminal activity on the part of the persons depicted. Moreover, the trial court, outside the jury's presence, reprimanded the witness and offered to give curative instructions. Apparently agreeing with the court that the jury had probably not "picked up on" the bare mention of the DeKalb County Sheriff and that to give curative instructions would serve only to emphasize the alleged error, defense counsel declined the offer of curative instructions. We find no abuse of discretion here, and this enumeration is consequently without merit.

3. Appellant Brown next enumerates as error the trial court's modification of a standard jury instruction on fingerprint evidence. Scrutiny of the record reveals that the instruction as given was a correct statement of the law as adjusted to the facts of the instant case. *Wiley v. State*, 178 Ga. App. 136, 138 (342 SE2d 342) (1986). We find no merit in this enumeration.

4. Brown assigns as error the trial court's denial of a motion regarding allegedly insufficient probable cause for appellants' arrest, based on *Wong Sun v. United States*, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963). The record reveals that there was ample probable cause for appellants' arrest. Brown's and Griggs' names were obtained from the car rental agency to which the license tag number of the automobile used in the robbery had been traced; appellants' signatures matched those on the car rental form; agency personnel recognized appellants' photographs as those of regular customers and the same persons who had signed for the rental car on this particular occasion; appellants' photographs were selected out of photo lineups by several witnesses, including the victims; and their fingerprints or palm prints were found on the envelope used by the perpetrators to deceive the victims that they were postal employees attempting to deliver registered mail, and thereby to lure them into opening the door. This enumeration, too, is without merit.

5. Also assigned as error is the trial court's denial of a motion for severance of the trial of the two defendants. The granting or denial of a motion for severance of the trials of defendants jointly indicted for less than a capital offense is a matter within the sound discretion of the court. OCGA § 17-8-4; *Tanner v. State*, 176 Ga. App. 77, 78 (335 SE2d 133) (1985). The record reveals that the trial court reviewed the criteria for granting separate trials as set forth in *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975), and *Stevens v. State*, 165 Ga. App. 814 (302 SE2d 724) (1983), and determined that the interests of justice and fairness did not require separate trials under the facts of the instant case. We find no abuse of discretion and therefore deem this enumeration to be without merit.

6. Brown further assigns as error the prosecution's failure to "reveal the deal" with an alleged unindicted co-conspirator, one Curly Thomas, a postal service employee and distant relative of Brown's. The trial transcript shows that, during the hearing of pre-trial motions, the prosecuting attorney stated in his place that there was no "deal" with Thomas. Entrance to the victims' home had been gained by a person or persons wearing Postal Service uniforms and purporting to be Postal Service employees delivering a piece of mail which required the recipient's signature. Thomas' testimony, undisputed at trial by anyone except appellant Brown, was that his only possible connection with the crime was that he was a Postal Service employee, that he was distantly related to Brown, and that Brown had spent several weekends in Thomas' house around the time of the armed robbery and therefore would have had access to the uniforms and postal forms which Thomas kept at home. The transcript reveals that Thomas had been arrested and also was under subpoena as a witness; nothing in his testimony or elsewhere in the record indicates, however, that any "deal" had been made with him regarding the instant cases, or that the prosecutor's *in judicio* denial of the existence of a "deal" should not be accepted at face value. We find no merit in this enumeration.

*Judgments affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 27, 1987.

*Lee Payne*, for appellant (case no. 73703).
*C. Michael Walker*, for appellant (case no. 73704).
*John M. Ott, District Attorney*, for appellee.