73322. BECK v. THE STATE.
(353 SE2d 610)

BEASLEY, Judge.

Defendant was convicted of armed robbery, OCGA § 16-8-41. On appeal he enumerates as error three grounds.

1. Defendant argues that the evidence was insufficient to authorize his conviction. Defendant was employed by a security agency as a guard for Mrs. Winner's. When the restaurant closed after 2:00 a.m.,

defendant accompanied the manager to make a night deposit of the day's receipts. On arriving at the bank, defendant got out, went to the front of the vehicle, looked around, turned to face the rear and announced to the manager clearance to get out. When she stepped out, however, a masked gunman armed with a rifle or shotgun grabbed her and placed the weapon at her head. The robber ordered defendant to drop his weapon. Defendant lowered his pistol and dropped the cartridges on the ground. After repeated commands defendant tossed his pistol into "the bushes." The robber seized the receipts, threw the manager back into the car and fled. Defendant then, after a search, reclaimed his weapon and returned to the car for ammunition after which he set off in pursuit of the robber. According to the manager, defendant's actions were haphazard and dilatory. When defendant returned he had fired five rounds. Defendant first stated he had fired in answer to the robber's shooting at him, but then explained he said this to avoid trouble and had actually fired at a fleeing figure who did not respond.

A witness for the state, defendant's superior at the security agency, testified that before the robbery defendant stated that he and another manager named "Melvin" were planning a robbery of the restaurant and inquired if the witness wanted to participate. The witness was not sure if defendant was serious but reported the incident to his superior. After the robbery the witness carried a concealed tape recorder while conversing with defendant, who made several incriminatory admissions about his planning and participation in the robbery. The defendant testified he was joking and that the recording was not his voice and contained numerous omissions and modifications.

Credibility of witnesses and weight given their testimony falls within the jury's ambit. *Bragg v. State*, 175 Ga. App. 640, 642 (1) (344 SE2d 184) (1985). Where the direct and circumstantial evidence, together, sufficiently reveal that a defendant aided and abetted in the planning and carrying out of the robbery, he is concerned in the commission of the crime and may be convicted for such offense. OCGA § 16-2-20; *Jackson v. State*, 165 Ga. App. 444 (1) (301 SE2d 661) (1983).

On review of defendant's motion for new trial, we view the evidence in the light most favorable to the verdict. *Adams v. State*, 164 Ga. App. 295, 296 (1) (297 SE2d 77) (1982). Applying that standard, a rational trier of fact could find the essential elements of defendant's guilt beyond a reasonable doubt. *Jackson v. State*, 163 Ga. App. 526 (1) (295 SE2d 206) (1982).

2. The second enumeration addresses the denial of defendant's motion for mistrial during his counsel's argument to the jury.

This incident arose after the prosecuting attorney made the third

of three objections to various statements made by defense counsel in oral argument. The jury was sent out and defense counsel complained about the interruptions. After colloquy between counsel and the court, the prosecuting attorney offered to submit additional requests to charge concerning the use of a former indictment against defendant. The court offered both counsel an opportunity to submit requests and gave defense counsel the opportunity to see any proposed addition to the charge during the recess and to address argument to it.

After recess defendant moved for a mistrial because of the twenty-five minute interruption of his argument. No mention was made that he was unaware of the judge's proposed charge or that he was unable to argue effectively because he did not understand what would be charged.

On appeal defendant contends that by adding to the charge the trial court violated OCGA § 5-5-24 (b) which states: "The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury."

Defendant cannot successfully urge error upon different bases than that urged in the trial court. *Kingston v. State*, 127 Ga. App. 660, 661 (2) (194 SE2d 675) (1972). Furthermore, here defendant fails to show that any additional request was charged or if it was that he was in any way deprived of the right to argue the pertinent principle since after the recess defendant's argument continued. As pointed out in *Blackmon v. State*, 158 Ga. App. 665, 667 (2) (281 SE2d 634) (1981) defendant must have objected and requested permission to reargue.

3. The last error enumerated is that the court erroneously permitted the district attorney to read law to the jury after defendant's argument.

The distinction as to the proper point to read law is no longer viable since counsel may no longer read law to the jury. *Conklin v. State*, 254 Ga. 558, 570 (10) (331 SE2d 532) (1985). Simply stated, the jury should receive law from the court and not from the attorneys.

In assessing harm, as *Conklin* pointed out, "[c]ounsel have every right to refer to applicable law during closing argument (i.e., law that the court is going to give in charge)." See *Garrison v. Rich's*, 154 Ga. App. 663, 664 (3) (269 SE2d 513) (1980) (relied upon in *Conklin*) which held that: "It is counsel's right to state his legal position to the jury; this right is indispensable to an intelligent presentation of his case." Error flows from a misstatement of the law which may tend to mislead the jury. Defendant has failed to point out wherein there was such misstatement of the law and thus did not show harm.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 4, 1987.

*Murray M. Silver*, for appellant.
*Lewis R. Slaton*, District Attorney, *Richard E. Hicks, Joseph J. Drolet, Wendy Shoob*, Assistant District Attorneys, for appellee.