73827. HARPER v. THE STATE.
(357 SE2d 117)

CARLEY, Judge.

Appellant was tried on an indictment charging her with murder. The jury returned a verdict of guilty of voluntary manslaughter. Appellant's motion for new trial was denied, and she appeals from the judgment of conviction and sentence entered on the jury verdict.

1. The general grounds are enumerated. The evidence showed that the victim was estranged from his wife and had become involved

in a love affair with appellant. Appellant became angry when the victim informed her that he intended to end their relationship and return to his wife. Appellant had threatened to kill the victim with a knife and, on the date in question, a witness saw appellant physically confront the victim, standing only a foot away from him. Immediately thereafter, the victim collapsed, having sustained a fatal stab wound in the chest. A bloody knife was recovered nearby. The only identifiable fingerprints on the knife were those of appellant.

When reviewed in the light most favorable to the verdict, the evidence was sufficient to authorize any rational trior of fact to find proof of appellant's guilt of voluntary manslaughter beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Several of appellant's enumerations of error relate to the fact that the jury was allowed to view the scene of the crime.

Appellant urges that the trial court erred by granting the jury's request, made after its deliberations had begun, to visit and view the scene of the crime. Whether to allow a jury to view the scene of a crime is discretionary and there was no error here. See generally *McDaniel v. State*, 248 Ga. 494 (2) (283 SE2d 862) (1981); *Forney v. State*, 255 Ga. 316, 320 (7) (338 SE2d 252) (1986).

Appellant further contends that the trial court erred in failing to charge the jury that its view of the scene of the crime was not "evidence" in the case and should not be considered as such. A "scene view" is not "evidence" in a case. See *Jordan v. State*, 247 Ga. 328, 345 (276 SE2d 224) (1981); *McDaniel v. State*, supra at 495 (2). However, the record shows that appellant never requested that a charge to that effect be given. We know of no authority for the proposition that, having determined to grant the jury's request for a visit to the scene of a crime, the trial court must, on its own motion, instruct the jury that the view is not to be considered as "evidence." Moreover, appellant can demonstrate no harm as the result of the trial court's failure to give such a charge in this case. It is clear that the procedure under consideration was scrupulously conducted by the trial court under strict conditions as a "scene view." Appellant and counsel were all afforded the opportunity to be present, and there was no "danger of ' "the intentional gathering of extra judicial evidence, highly prejudicial to the accused, by members of the jury and the communication of that information to the other jurors in the closed jury room." ' [Cits.]" *Forney v. State*, supra at 320 (7). Compare *Watkins v. State*, 237 Ga. 678 (229 SE2d 465) (1976). The jury had already heard the testimony and seen the photographs and the view was carefully conducted so as merely "to aid the jury to better understand [that] evidence. This necessarily implies that the jurors [could] apply to the testimony the knowledge obtained by them in seeing the property or premises in-

volved." *Shahan v. American Tel. &c. Co.*, 72 Ga. App. 749, 756-757 (3) (35 SE2d 5) (1945). Accordingly, error, if any, in the trial court's failure to give the instruction on its own motion was harmless in this case.

It is urged that, after the scene view had been conducted, defense counsel was not afforded an opportunity to make additional argument before the jury. Nothing in the record shows that counsel ever requested such an opportunity. Assuming without deciding that the conduction of the scene view was occasion for reargument, in the absence of a request to reargue there would be no error. Cf. *Daniels v. State*, 137 Ga. App. 371, 373 (4) (224 SE2d 60) (1976); *Blackmon v. State*, 158 Ga. App. 665, 667 (2) (281 SE2d 634) (1981), overruled on other grounds, 163 Ga. App. 657 (295 SE2d 584) (1982).

3. In support of her motion for new trial, appellant offered the affidavit of one of the jurors. The trial court's refusal to consider the affidavit is enumerated as error. Although OCGA § 17-9-41 prohibits the impeachment of a verdict by the affidavit of a juror, appellant urges that this statutory proscription would not apply here. According to appellant, the juror's affidavit that she submitted concerned "the intentional gathering of extra judicial evidence." *Watkins v. State*, supra at 685.

Appellant's reliance upon *Watkins v. State*, supra, is misplaced. The affidavit states only that, after the scene view, some of the jurors had concluded, based upon their observations at the crime scene, that appellant's testimony had been false in some respects. That some jurors undertook to use the judicially sanctioned scene view for the very purposes intended would not demonstrate the proscribed intentional gathering of extrajudicial evidence condemned in *Watkins v. State*, supra. See *Forney v. State*, supra at 320 (7). The jurors were clearly authorized to construe appellant's testimony in light of their judicially authorized and supervised observation of the crime scene. Any juror was free to share his own observations of the crime scene and his conclusions reached as the result of those observations with the other jurors. Each juror, having himself visited the crime scene, was free to accept or reject the observations and conclusions expressed by any other. The affidavit shows only that the jurors acted as jurors after a judicially sanctioned scene view and does not show that any juror acted as an "unsworn witness against appellant" as to any finding resulting from an unauthorized visit to the scene of the crime. *Watkins v. State*, supra at 684. See also *Forney v. State*, supra at 320 (7). If one juror now has doubts about her own observations or conclusions or about those that were expressed by any other juror, the verdict cannot be impeached on that basis. The trial court did not err in refusing to consider the affidavit.

4. Over appellant's hearsay objection, the trial court admitted

certain testimony by a police officer, ruling that the testimony came within the hearsay exception for explaining conduct. The trial court's ruling is enumerated as error.

If the officer's conduct was itself relevant, the testimony was admissible to explain it. See *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982). The officer's conduct was the submission of the fingerprints of an individual other than appellant for comparison with those found on the knife. This conduct was relevant to the issues on trial in this case. The fingerprints were of the individual whom appellant contended had committed the homicide. If unexplained, the officer's conduct could cause the jury to believe that the State, as well as appellant, had reason to consider that individual to be a suspect. However, the truth of the matter was apparently that it had been appellant's counsel who had requested that the State make the comparison and the State had merely agreed to afford this aid to the defense. The officer was entitled to explain that his conduct was accommodative rather than investigatory. The trial court gave limiting instructions as to the relevancy of the testimony, and there was no error.

5. During its cross-examination of appellant, the State asked several questions regarding the hiring of a certain fingerprint expert by the defense. Although appellant enumerates this portion of her cross-examination as error on several grounds, a review of the record shows only that, at one point, the State attempted to elicit hearsay as to the results of the expert's examination. The trial court sustained appellant's hearsay objection to this question and instructed the jury to disregard it. No further relief was requested. Clearly, there was no error.

6. The physician who had conducted the autopsy of the victim was called as a witness for the State and was qualified as an expert in the field of forensic pathology. During his direct examination, the expert defined "hesitation marks" as a "superficial type of wounds, which are sometimes found in cases of suicide stabbings. . . ." The witness was then asked if he had observed any hesitation marks on the body of the victim. Over appellant's objection that he was not qualified to answer the question, the witness was permitted to testify that no such hesitation marks had been found on the victim's body. The trial court's failure to sustain the objection to the witness' testimony concerning hesitation marks is enumerated as error.

The presence of and explanation for a physical condition exhibited on or in the human body was clearly within the witness' expertise as a forensic pathologist. The witness was certainly authorized to testify, on personal knowledge, that the victim's body did not exhibit "hesitation marks." There was no error.

7. Although "criminal negligence" was not an issue in this case,

the trial court did not err by employing the entirety of the language of OCGA § 16-2-21 in its charge to the jury on the general definition of "crime." See generally *Smith v. State*, 238 Ga. 146, 148 (2) (231 SE2d 757) (1977).

8. The trial court's denial of appellant's motion for a mistrial is enumerated as error.

The applicable portion of the record reflects that defense counsel did originally move for a mistrial. However, it also shows that, in the ensuing colloquy with the trial court, counsel then requested curative instructions. The trial court agreed that it would give the instructions and did so. Accordingly, appellant's assertion that the trial court denied her motion for a mistrial is inaccurate. Defense counsel himself changed the ameliorative relief being sought from a request for the grant of a mistrial to one for curative instructions. ' "In no case will the trial court's ruling be reversed for not going further than requested.' [Cit.]" (Emphasis in original.) *Hall v. State*, 180 Ga. App. 881, 883 (3) (350 SE2d 801) (1986). Moreover, even if the trial court had denied appellant's original motion for a mistrial, there would be no error. The giving of the curative instructions was not followed by a renewed motion for a mistrial. "The denial of a motion for mistrial is not subject to review when the motion is not renewed following corrective instructions. [Cit.]" *Kirksey v. State*, 177 Ga. App. 428, 430 (3) (339 SE2d 401) (1986).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 14, 1987 —
REHEARING DENIED MAY 1, 1987 — 

*Milton F. Gardner*, for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.