## 74776. MILLER v. THE STATE.
### (361 SE2d 63)

BIRDSONG, Chief Judge.

Appellant was convicted of burglary and aggravated assault with the intent to commit murder. The evidence showed that the victim returned to her hotel room at approximately 10:30 in the evening only to find a man standing in her bathroom with a rope in his hands stretched from shoulder to shoulder. The victim screamed and the perpetrator ran past her and out of the room. After appellant's arrest, the victim identified him from a photographic lineup. Appellant appeals his conviction enumerating two errors. *Held:*

1. Appellant contends it was error for the trial court to deny his motion for mistrial. During his opening statement, the District Attorney made reference to the fact that appellant had "allegedly harassed people at the hotel and had to be removed by security guards" three days after the crime took place. This incident led a hotel employee to discuss appellant as a possible suspect with police.

Appellant made no objection or motion for mistrial at the time the remarks were made. The record indicates that appellant not only waited until the close of the District Attorney's opening statement, but he waited until after his own opening statement and after the State had called its first witness to make his motion for a mistrial. "A motion for mistrial not made contemporaneously with the alleged

misconduct is not timely. *Bennett v. State*, 165 Ga. App. 600 (3) (302 SE2d 367)." *Robinson v. State*, 180 Ga. App. 43, 51 (5) (348 SE2d 662). Therefore, this enumeration of error cannot be addressed on appeal.

2. In his second enumeration of error, appellant contends the trial court erred in admitting a statement he made to the police that it was obvious whoever was in the victim's room that night "was going to kill her and then he was going to rape her." The statement was made after appellant had invoked his right to counsel during his preliminary hearing. Appellant maintains this statement was admitted in violation of *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378).

Once the accused has invoked his right to counsel, " 'courts may admit his responses to further questioning only on finding that he (a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked. *Edwards v. Arizona*, supra, 451 U. S. at 485, 486, n. 9, 101 SCt., at 1885, n. 9.' *Smith v. Illinois*, [469] U. S. [91] (105 SC 490 at 492-93, 83 LE2d 488)." *Hall v. State*, 255 Ga. 267, 270 (1) (336 SE2d 812).

First, it is clear that appellant initiated the communication with the police which resulted in the statement in question. After appellant's preliminary hearing, he indicated he "didn't quite understand his charges and what was going on" and wanted to talk about the situation. Appellant was in no way pressured or coerced into making further statements.

Second, the evidence shows that appellant was cognizant of his right to counsel, having obtained a continuance at the preliminary hearing until an attorney could be appointed to represent him. He subsequently initiated dialogue with the police without the slightest hope of benefit or fear of punishment. Thus, the totality of the circumstances indicates a knowing and intelligent relinquishment of the right he had previously invoked. *Widdowson v. State*, 171 Ga. App. 134, 137 (1) (318 SE2d 820); *Golden v. State*, 163 Ga. App. 629, 631 (2) (295 SE2d 144).

"[T]he trial court's findings as to factual determinations and credibility relating to the admissibility of statements will be upheld on appeal unless they are clearly erroneous." *Short v. State*, 256 Ga. 165, 167 (3) (345 SE2d 340). The evidence adequately supports the trial court's finding that appellant knowingly and intelligently waived the right he had invoked.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 11, 1987.

*Calvin A. Leipold, Jr.*, for appellant.

*Robert E. Wilson, District Attorney, Susan Brooks, Thomas S. Clegg, Assistant District Attorneys, for appellee.*