## 76843. DORSEY v. THE STATE.
(374 SE2d 102)

DEEN, Presiding Judge.

Tommy W. Dorsey appeals from a jury verdict and judgment finding him guilty of distributing obscene materials in violation of OCGA § 16-12-80.

1. Appellant contends that it was error for the trial judge to overrule his objection and motion for mistrial when the prosecutor in his closing argument read law to the jury contrary to the ruling in *Conklin v. State*, 254 Ga. 558 (10) (331 SE2d 532) (1985). The trial transcript shows that the court declined to give certain requested charges of both the prosecution and the defense defining "prurient interest," stating that while it would charge only the statutory definition contained in OCGA § 16-12-80 (b) (1), "[b]oth sides are allowed to expand in their definitions." The State argues that the language objected to was approved by this court in *Spry v. State*, 156 Ga. App. 74 (5) (274 SE2d 2) (1980), and that while the prosecutor did refer to the fact that it came from "a Supreme Court case," no case was cited by name or otherwise identified. After objection was made and appellant's motion for mistrial was denied, the State was admonished to limit its argument to what it expected the judge to charge.

"In assessing harm, as *Conklin* pointed out, '(c)ounsel have every right to refer to applicable law during closing argument (i.e., law that the court is going to give in charge).' [Cit.] . . . 'It is counsel's right to state his legal position to the jury; this right is indispensable to an intelligent presentation of his case.' Error flows from a misstatement of the law which may tend to mislead the jury. Defendant has failed to point out wherein there was such misstatement of the law and thus did not show harm." *Beck v. State*, 181 Ga. App. 681, 683 (3) (353 SE2d 610) (1987). Moreover, defense counsel was allowed to give his own definition of prurient interest at least five times in closing argument, and discussed at some length the "unwilling recipient" aspects of *Miller v. California*, 413 U. S. 15 (93 SC 2607, 37 LE2d 419) (1973), an issue not involved here. Since the jury also heard the trial

court's instructions, any error was balanced out. " 'In the absence of a demonstration that a mistrial was essential to preservation of a defendant's right to a fair trial, it is not an abuse of discretion to deny a motion for a mistrial even where no curative instructions were given. [Cit.]' [Cit.]" *Collins v. State*, 183 Ga. App. 243, 244 (3) (358 SE2d 876) (1987).

2. Appellant asserts as error in the prosecutor's argument, the statement: "I could go on about the experts in this case and I think their testimony was preposterious [sic]. I feel like if anybody, any member of my family, who had any problem and was exposed to this type of material by anybody who is holding himself out as a, some sort of psychotherapist, I believe that would be grounds for malpractice. I don't think this material in any shape —" Upon defense counsel's interposition that the prosecutor's personal opinion was clearly improper and request for cautionary instructions that his remarks were "unethical," the trial judge admonished the prosecutor about injecting his own opinions and views on matters not in evidence, and denied the "motion." No motion for mistrial was made at this time, but appellant nevertheless insists that the court's actions were insufficient to cure the harm.

"We reject this argument because it is well-settled that a sustained objection to improper argument of counsel cannot serve as the basis for reversal unless it is contemporaneous with a denied motion for mistrial, denied request to strike or denied request for curative instructions. . . . [Cits.]" *Keen v. State*, 164 Ga. App. 81, 88 (7) (296 SE2d 91) (1982). "If a mere objection is overruled and defense counsel makes no further request for any curative action, the only authorized argument on appeal would be that the failure to sustain the objection was erroneous. 'In no case will the trial judge's ruling be reversed for not going *further* than requested.' (Emphasis supplied.) [Cit.] If, however, the objection to the State's argument is sustained, the objection will not authorize defense counsel to assert on appeal that the trial court erred in failing to take any *additional, unrequested* curative actions." *Hall v. State*, 180 Ga. App. 881, 883 (3) (350 SE2d 801) (1986). While it is not entirely clear from the transcript what "motion" the trial court was purporting to deny, he did admonish the prosecutor to desist from the argument objected to, and there was no request for additional curative action nor any motion for mistrial. " 'A motion for mistrial not made contemporaneously with the alleged misconduct is not timely. [Cit.]' [Cit.] Therefore, this enumeration of error cannot be addressed on appeal." *Miller v. State*, 184 Ga. App. 202-203 (1) (361 SE2d 63) (1987).

3. Appellant protests the sustaining of the State's objections to questions posed during his direct examination seeking to establish that he did not know the obscene nature of the material he was dis-

tributing, as required by OCGA § 16-12-80 (a). However, the Supreme Court of the United States has determined that such a showing of scienter is not demanded. "It is constitutionally sufficient that the prosecution show that a defendant had knowledge of the contents of the materials he distributed, and that he knew the character and nature of the materials. To require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming that he had not brushed up on the law." *Hamling v. United States*, 418 U. S. 87, 123 (94 SC 2887, 41 LE2d 590) (1974); *Sewell v. State*, 238 Ga. 495, 496 (4) (233 SE2d 187) (1977).

Appellant did testify on at least one occasion that he did not knowingly violate the statute he was charged under and took reasonable steps not to distribute obscene materials. He also testified that the material he distributed consisted of X-rated videos and magazines; that he screened them before they were sold or rented and was aware that they depicted explicit sexual acts, including acts of sodomy in violation of the law of Georgia; but that he did not personally feel that these materials were obscene. This was sufficient for conviction because the applicable test under OCGA § 16-12-80 (a) is whether the defendant "has knowledge of facts which would put a reasonable and prudent person on notice as to the suspect nature of the material. . . ." See *Dyke v. State*, 232 Ga. 817, 822 (209 SE2d 166) (1974); *Bohin v. State*, 156 Ga. App. 206 (1) (274 SE2d 592) (1980); *Underwood v. State*, 144 Ga. App. 684 (4) (242 SE2d 339) (1978). Whether or not the Appellate Court should view the alleged "suspect nature of the material" with regard to this enumeration of error is debatable. We have done so, however, out of an abundance of caution. We have viewed the video cassette, "Private Thighs," and we have reviewed the two magazines, "Fuck Toy," and "Suck 2 Dicks." Suffice it to say, they contained a combination of all types, descriptions, and positions of sexual acts, about which we can say: "This case presents about the most horrible and disgusting [obscenity materials] we have been called upon to review. . . ." *Hendon v. State*, 10 Ga. App. 78 (72 SE 522) (1911). The evidence was more than sufficient to justify the charge given by the trial court.

4. The trial court did not err in failing to charge the definition of obscene materials contained in OCGA § 16-12-80 (b) (3) (C), (D) and (E), as none of the acts described therein was depicted in the materials appellant was accused of distributing. The jury was properly instructed on the remaining definitions and found that the materials involved here were obscene because they appealed to the prurient interest of the average person as set forth in OCGA § 16-12-80 (b) (1); that they lacked serious literary or other value as contemplated in subsection (b) (2); and that they depicted the conduct prohibited in

OCGA § 16-12-80 (b) (3) (A) and (B). Thus the definition of obscene materials given by the trial court was complete as it related to this case, and the further definitions were irrelevant to appellant's guilt.

5. Appellant's enumeration of error in regard to the charge allowing the jury to "piece meal" its consideration of the evidence by finding that any one of the exhibits was obscene in order to authorize a verdict of guilty is likewise without merit. The court correctly instructed the jury that the "work" itself must be taken as a whole in determining its obscenity, as explained by the Supreme Court in *Hunter v. State*, 257 Ga. 571 (2) (361 SE2d 787) (1987), (i.e., that they could not look at just one part of the magazine or one part of the video in making their determination). *Hunter* does not require the State to frame its accusation in three separate counts for the jury to consider each exhibit individually, as argued by appellant. Thus the trial court also correctly charged the jury that if it found "that any one of the exhibits, the movie or the two magazines are obscene, then you will be authorized to find the defendant guilty." *Playmate Cinema v. State*, 154 Ga. App. 871 (5) (269 SE2d 883) (1980). It follows that we find no grounds for reversal.

*Judgment affirmed. Carley and Sognier, JJ., concur specially.*

CARLEY, Judge, concurring specially.

In Division 1, the majority opinion addresses appellant's contention that the trial court erred in failing to grant a mistrial when, contrary to the explicit ruling of our Supreme Court in *Conklin v. State*, 254 Ga. 558 (10) (331 SE2d 532) (1985), counsel for the State was allowed to refer to language recited to the jury as coming from "a Supreme Court case." As pointed out in the majority opinion, the language the prosecutor utilized actually was included in the opinion of *this* Court in *Spry v. State*, 156 Ga. App. 74 (5) (274 SE2d 2) (1980). The majority relies primarily upon a decision of this Court interpreting *Conklin* and states as follows: " 'In assessing harm, as *Conklin* pointed out, "[c]ounsel have every right to refer to applicable law during closing argument (*i.e., law that the court is going to give in charge*)." [Cit.] . . . "It is counsel's right to state his legal position to the jury; this right is indispensable to an intelligent presentation of his case." Error flows from a misstatement of the law which may tend to mislead the jury. Defendant has failed to point out wherein there was such misstatement of the law and thus did not show harm.' *Beck v. State*, 181 Ga. App. 681, 683 (3) (353 SE2d 610) (1987)." (Emphasis supplied.) (Majority opinion, page 695.)

Applying *Beck* to the facts of this case, it is my opinion that the argument was improper. As indicated by the emphasized language from *Beck*, counsel's right to refer to applicable law during closing argument is limited to recitation of "law that the court is going to

give in charge." In this case, the challenged part of appellee's counsel's argument came from the State's request to charge No. 6, which, during a pre-charge conference, the trial court *expressly declined to give.* Thus, as the *Conklin* court said, "[t]here is no justification, . . . for allowing an attorney to supplement the court's charge by reading, in the jury's presence, *law that the court is not going to charge.*" (Emphasis supplied.) *Conklin v. State,* supra, 571. Counsel for the State in this case did just what *Conklin* said he should not be allowed to do. I cannot agree with the majority that because "defense counsel was allowed to give his own definition of prurient interest . . . any error was balanced out." (Majority opinion, p. 695). Defense counsel did not attempt to "read law," and there was no similar objection to defendant's argument. I know of no authority for a holding that what otherwise constitutes error can be "balanced out" by reliance upon conduct of the other party to which no objection is made.

However I agree with the majority that the trial court did not commit *reversible* error in failing to grant a mistrial. After the second attempt of the prosecuting attorney to read law, and following the colloquy between the court and counsel, the trial court stated as follows: "I'll overrule the motion for mistrial. I will admonish counsel to confine your arguments, if you will, to what you expect that the Judge will charge and logical extensions and arguments on those points." The attorney for the defendant then responded "thank you," and did not renew his motion for mistrial or make any further objection. "The giving of the curative instructions was not followed by a renewed motion for a mistrial. 'The denial of a motion for mistrial is not subject to review when the motion is not renewed following corrective instructions. [Cits.]' [Cit.]" *Harper v. State,* 182 Ga. App. 760, 764 (8) (357 SE2d 117) (1987). See also *Ward v. State,* 252 Ga. 85, 89 (2) (311 SE2d 449) (1984); *Collins v. State,* 183 Ga. App. 243, 244 (3) (358 SE2d 876) (1987).

I am authorized to state that Judge Sognier joins in this special concurrence.

DECIDED SEPTEMBER 19, 1988 —
REHEARING DENIED OCTOBER 5, 1988

*Roger J. Dodd,* for appellant.
*Andrew Prather II, Solicitor,* for appellee.