A89A1548. LIVINGSTON v. THE STATE.
(388 SE2d 406)

BEASLEY, Judge.

Defendant appeals his conviction under a multi-count indictment of burglary (OCGA § 16-7-1), possession of a firearm during the commission of the felony of burglary (OCGA § 16-11-106 (b) (2)), and possession of a knife more than three inches long during the commission of the felony of burglary (OCGA § 16-11-106 (b) (2)). He enumerates as error the refusal to grant his motion for mistrial after improper argument by the State and the conviction based on insufficient evidence.

1. Defendant's sister was charged with him, but they were tried separately. During argument to the jury, the prosecutor stated with reference to the indictment: "you'll see where Laura Livingston entered her plea of guilty to the charge as recited in the indictment, the charge of burglary. She, even though she's absent, has testified by way of her plea of guilty to burglary, with the intent to commit a theft therein." At the close of the State's argument defendant moved for a mistrial based upon prosecutorial misconduct. The objections were that the prosecuting attorney had commented on the fact that there was a codefendant, that the codefendant had entered a guilty plea and admitted the crime, and that by doing so she testified to the fact that there was a burglary (which defendant denied). Defendant urged that there were no facts or evidence to support the argument.

When the trial court indicated that the argument was improper but reserved ruling and proposed to interrogate the jury about it, defense counsel objected that such action would reinforce the matter in the jurors' minds. The court then informed the jury that the prosecu-

tor's argument was improper and questioned each juror individually as to whether the comments by the prosecutor could be disregarded and a decision could be made based strictly upon the evidence submitted. After receiving an affirmative answer from all the jurors the trial court overruled the motion for mistrial. Defense counsel then repeated his position that "no amount of curative instructions from the Court is going to remove that from their mind," and asked if he could go into, to speculate, why the sister may have pled guilty to burglary. The court refused because this would allow argument about something not in evidence.

Despite reasserting his contention, defendant did not renew his motion for mistrial. After a motion for mistrial has been made and the trial court has promptly given curative instructions to the jury, in order to preserve the issue for appellate review defendant must renew the motion. *Williamson v. State*, 188 Ga. App. 307, 308 (2) (372 SE2d 685) (1988); *Loaiza v. State*, 186 Ga. App. 72, 73 (2) (366 SE2d 404) (1988); *Chandler v. State*, 143 Ga. App. 608, 609 (2) (239 SE2d 158) (1977). Having failed to invoke a further ruling defendant waived the denial of the motion as appellate error. *Brown v. State*, 187 Ga. App. 347 (1) (370 SE2d 203) (1988).

Even if defendant's protestation be considered a renewal of the motion for mistrial, denial of the motion was not error. The trial court's prompt instructions to the jury and interrogation of each individual juror were sufficient to assure the absence of any harmful effect of the prosecutor's statement. The trial court did not abuse its discretion by refusing to grant a mistrial. *High v. State*, 153 Ga. App. 729, 731 (2) (266 SE2d 364) (1980).

2. Defendant admitted unauthorized entry and other elements of burglary, denying only the element of intent to commit a felony or theft. This was his sole defense. He testified that he was paid $500 to activate the building's alarm system; that he cut the telephone line in an effort to accomplish this scheme; that when this did not work he entered the building and severed the wires to the alarm box. When the prosecuting attorney sought to elicit the source of the money and purpose of defendant's activities in that regard, defendant invoked his rights under the Fifth Amendment to the U. S. Constitution and was permitted to refuse to answer further questions in that area.

"On appeal of a criminal conviction, . . . the presumption of innocence no longer prevails"; instead, the evidence is construed in favor of the verdict. *Jones v. State*, 188 Ga. App. 398, 399 (373 SE2d 86) (1988); *McGinnis v. State*, 183 Ga. App. 17, 18 (1) (358 SE2d 269) (1987). The issue of intent is a jury question, under the facts and circumstances proved. *Wells v. State*, 144 Ga. App. 841, 842 (242 SE2d 752) (1978). Generally the State " 'must, of necessity, rely on circumstantial evidence in proving intent.' " *Kinney v. State*, 155 Ga. App.

95 (1) (270 SE2d 209) (1980). When defendant furnishes an explanation, whether this constitutes a reasonable hypothesis other than that of defendant's guilt must be determined by a jury. *Adams v. State*, 187 Ga. App. 340, 344 (1) (370 SE2d 197) (1988); *Winders v. State*, 258 Ga. 878, 882 (375 SE2d 862) (1989); *Lay v. State*, 184 Ga. App. 655, 656 (1) (362 SE2d 458) (1987) [physical precedent].

This court has "no yardstick by which to ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of 12 jurors of rational mind." *Adams*, supra at 344. Because the jury resolves issues of credibility, including defendant's explanation, as well as conflicts in the evidence, once the determination has been made, an appellate court cannot substitute its judgment for that of the jury. Id. at 344. The verdict was not insupportable as a matter of law and the evidence was sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Prothro v. State*, 186 Ga. App. 836, 837 (1) (368 SE2d 793) (1988); *Lay v. State*, supra.

Argument as to the insufficiency of the evidence to support counts 5 and 6 (possession of a firearm and a knife) is predicated upon a conclusion of the insufficiency of the burglary evidence, so it also fails.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 13, 1989.

*Jack E. Carney, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, David C. Walker, Assistant District Attorney*, for appellee.