## A90A0485. JAMES v. THE STATE.
(396 SE2d 306)

COOPER, Judge.

Appellant and two co-indictees, Hagler and Jones were charged with cocaine trafficking, possession of cocaine and possession of diazepam. Hagler entered a plea of guilty and Jones was tried before

a jury and convicted on all counts. See *Jones v. State*, 191 Ga. App. 332 (381 SE2d 575) (1989). In a separate trial, appellant was tried before a jury and found guilty of possession of cocaine. She appeals from the judgment of conviction and sentence entered by the trial court. On appeal, appellant contends the trial court erred in allowing the prosecution to introduce the convictions of the co-indictees at trial.

The record reveals that during opening statements when referring to Hagler's anticipated testimony, the prosecutor mentioned his earlier plea of guilty and sentence. Appellant objected and requested a mistrial, which was denied. Appellant made several other objections to references to the plea during the trial and renewed her motion for mistrial at the close of the State's case, all of which were overruled. Hagler testified as to the full circumstances of his arrest, plea and sentence; the court also allowed him to testify that Jones had gotten a heavy sentence despite appellant's timely objection.

Appellant argues that the remarks made by the prosecutor and Hagler's testimony were so prejudicial to appellant that she was deprived of the presumption of innocence and the right to a fair trial. Appellant relies on *Mindock v. State*, 187 Ga. App. 508 (370 SE2d 670) (1988), in which we held the testimony of a state witness as to the pleas entered by appellant's co-defendants inadmissible as proof of appellant's guilt. The facts in *Mindock* are different from the facts in the instant case, however, in *Mindock* we recognized an exception to OCGA § 24-3-52, which restricts the admissibility of a confession of a co-defendant to use only against himself. We concluded that the rule does not apply where the co-defendant "is present and testifies as a witness subject to cross-examination. . . . [Cit.]" *Mindock*, supra at 509. In this instance, the co-defendant "is held to be a competent witness to testify as to any relevant matter concerning the charge. . . ." *Brown v. State*, 132 Ga. App. 200 (2) (207 SE2d 682) (1974). We recognize the danger of prejudice to an individual on trial if his co-defendant's conviction is introduced, however, where that co-defendant testifies as to matters other than the conviction, there is ample opportunity to challenge his credibility. Unlike the co-defendant in *Dorminy v. State*, 178 Ga. App. 653 (344 SE2d 475) (1986) also cited by appellant, Hagler testified extensively about matters other than his guilty plea, specifically the activities of all three defendants for a period of approximately twelve hours immediately preceding their arrest. Under these circumstances no prejudice to appellant resulted from references made to Hagler's plea and sentence or by Hagler's testimony. There is also no error in the State introducing this evidence during its direct examination of Hagler; appellant had the opportunity to challenge Hagler's credibility on cross-examination.

Hagler, referring to co-indictee Jones, during his testimony

stated, "He got a heavy sentence." This statement was non-responsive to the question asked by the prosecutor and appellant's timely objection to the testimony was sustained. " '[I]t is well-settled that a sustained objection to [an improper answer] cannot serve as the basis for reversal unless it is contemporaneous with a denied motion for mistrial, denied request to strike or denied request for curative instructions. . . . [Cit.]' " *Dorsey v. State*, 188 Ga. App. 695 (2) (374 SE2d 102) (1988). A review of the record reveals appellant did not move as outlined above but reasserted her continuing objection to references to the co-indictees. In an earlier motion for mistrial, the court considered references to Hagler's plea only and at the close of the State's case, appellant renewed that motion. "Ordinarily, a motion for mistrial must be made promptly after the improper question or answer, [cit.]; and failure to move for a mistrial at the appropriate time is tantamount to waiver. [Cit.]" *Martin v. State*, 189 Ga. App. 483 (7) (376 SE2d 888) (1988). In addition, "[t]he trial court has broad discretion in fashioning a remedy to alleviate a problem created by the utterance of inadmissible evidence, and its exercise may not be reversed unless abused. [Cit.]" *Whiteley v. State*, 188 Ga. App. 129 (1) (372 SE2d 296) (1988). We cannot say that the trial court abused its discretion because, as noted above, appellant did not move for mistrial on the basis of the statement about Jones or request curative instructions and she has not demonstrated any harm resulting from the statement. See *Dorsey*, supra at 695. After sustaining the objection, the court did not err in failing to give its own curative instructions because there are instances where "curative instructions would serve only to emphasize the alleged error." *Griggs v. State*, 181 Ga. App. 618 (2) (353 SE2d 97) (1987). Therefore this enumeration is without merit.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JULY 13, 1990 —
REHEARING DENIED JULY 30, 1990 — CERT. APPLIED FOR.

*W. Keith Davidson*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.