A90A2145. JOHNSON v. THE STATE.
(398 SE2d 432)

DEEN, Presiding Judge.

A. J. Reed Johnson was convicted of entering an automobile and brings this appeal following the denial of his motion for a new trial.

1. Johnson first contends that the trial court erred in denying his motion to obtain the preliminary hearing transcript because it contained the exculpatory admissible evidence of a co-defendant who was now inaccessible.

Appellant contends that the transcript was admissible under

OCGA § 24-3-10, and that he had attempted to secure the witness' presence at trial by attempting to locate him at 2010 Red Drive, Apt. 3, Atlanta, Ga. 30315, an address that the witness gave the court when he was released on bond. All notices sent by the court were returned stamped "No such address." No other attempts to locate the witness were made.

The party seeking to introduce testimony given at a prior trial must show that the witness is inaccessible. *Riley v. State*, 237 Ga. 124, 126 (226 SE2d 922) (1976). Whether a witness is inaccessible depends upon the diligence shown by the party seeking to use his testimony in ascertaining the witness' whereabouts and the attempts made to bring him into court. *Smith v. State*, 247 Ga. 453, 454 (276 SE2d 633) (1981); *Gaither v. State*, 227 Ga. 668, 669 (182 SE2d 434) (1971). The sufficiency of the search is left to the sound discretion of the trial court, and its judgment will not be disturbed on appeal absent abuse. *Gaither v. State*, supra at 669; *Thomas v. State*, 192 Ga. App. 744 (386 SE2d 402) (1989). The trial court's finding that appellant had not really done much to find the witness was not an abuse of its discretion. As the witness was determined not to be inaccessible, the court did not err in denying the defendant's motion for a continuance so he could obtain a transcript of the preliminary hearing.

2. The only time that the prosecutor made an improper remark during closing argument, defense counsel raised an objection that the argument was not a fair commentary on the evidence. The court instructed the jury that whether or not they had been crime victims had nothing to do with the case. Counsel did not raise further objection and made his motion for a mistrial after the jury charge. On appeal he contends that it was error for the court to overrule his motion for a mistrial.

To preserve this issue for appellate consideration, appellant was required to make a motion for a mistrial, request the court to give curative instructions, and then renew the motion. *Livingston v. State*, 193 Ga. App. 502, 503 (388 SE2d 406) (1988). A motion for a mistrial must be made contemporaneously with the alleged misconduct or it is not timely. *Miller v. State*, 184 Ga. App. 202 (361 SE2d 63) (1987). As appellant followed none of the requisite procedures in making his motion for a mistrial, the issue has not been preserved for appellate review.

3. The trial court did not improperly comment on the evidence during the jury charge when the judge noted that the jury might be confused by a statement made during argument that there was a possibility that the defendant was not telling the truth. The judge explained that they were not to determine the case "on whether there was a possibility that the defendant may be telling the truth. You are looking at this from the standpoint of whether or not the state or

whether or not the evidence shows beyond a reasonable doubt that the defendant is guilty of this offense. That means then arguments can be made that anything is possible, but you are looking for what has been proven to you beyond a reasonable doubt, you see, not beyond all other possibilities."

This portion of the charge does not comment on the evidence as alleged by the defendant, but rather fully explains the quantum of proof required for conviction. We find no error.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 25, 1990.

*Jonathan J. Wade*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Kenneth D. Feldman, Richard E. Hicks, Assistant District Attorneys*, for appellee.