A92A2245. THARPE v. THE STATE.
(429 SE2d 342)

POPE, Chief Judge.

Defendant Charles Tharpe was convicted of the offense of sexual battery. OCGA § 16-6-22.1. He appeals the denial of his motion and amended motion for new trial.

1. We find no merit to defendant's contention that OCGA § 15-12-125, which provides for a jury of six "[f]or the trial of misdemeanors in all courts," is inapplicable to those cases in which the accused is on trial for a misdemeanor of a "high and aggravating nature." In order to conclude the legislature intended for that section to be applicable to only certain misdemeanor crimes, then such limitation would have to be apparent from the face of the statute. It is not the function of this court to rewrite the laws enacted by our General Assembly.

2. Defendant contends the trial court improperly restricted his cross-examination of the victim in this case by disallowing certain questions concerning the victim's testimony before the Grand Jury. Contrary to defendant's contentions on appeal, the record shows the trial court allowed the defendant to question the victim about inconsistencies between her trial and Grand Jury testimony. Moreover, the trial court allowed the jury to hear a tape recording of the victim's testimony before the Grand Jury thereby providing an additional opportunity for the jury to compare the testimony the victim gave in

that proceeding with that given at trial. This enumeration is without merit.

3. It is abundantly clear from the record in this case that part of defendant's trial strategy was to discredit the victim's testimony by showing inconsistencies between her trial testimony and her pre-trial statements, including her testimony before the Grand Jury. The veracity of the victim was clearly at issue in this case and the State was thus entitled to introduce testimony concerning the prior consistent statements of the victim. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985); see also *Carroll v. State*, 261 Ga. 553 (1) (408 SE2d 412) (1991). Defendant's third enumeration is therefore without merit.

4. Defendant argues that the trial court abused its discretion because it did not allow the defendant to recall the victim after the State rested. " 'The conduct of the trial in this respect lies within the discretion of the trial judge, and in the absence of a showing of an abuse of the discretion, his actions must be affirmed.' [Cit.] The transcript reveals no abuse in this case." *Mize v. State,* 152 Ga. App. 190, 192-193 (4) (262 SE2d 492) (1979). Although the defendant posits in his brief to this court that he should have been allowed to recall the witness after the introduction of the tape of the Grand Jury proceedings "for the purpose of demonstrating to the jury the inconsistencies which would make her credibility suspect," the record shows that the defendant's request to recall the witness and the trial court's denial of that request occurred before the tape was played. When the State objected to the witness being recalled, defendant responded that he was entitled to call the witness "unless there is some point of law which would prevent me from calling her for the specific purpose of laying a foundation for my part of the case." The defendant did not renew his request to recall the witness for the purpose of additional cross-examination after the tape was played. Moreover, as noted above, the court previously allowed the defendant to cross-examine the witness about alleged inconsistencies between her Grand Jury and trial testimony and the jury was able, through the playing of the tape of the Grand Jury proceedings, to compare the victim's testimony in both proceedings. Under the circumstances described herein, we find the trial court did not abuse its discretion by refusing to allow the defendant to recall the victim for additional testimony.

5. During closing argument to the jury the prosecutor improperly referred to the standard of reasonable doubt as "something defense lawyers use as some kind of mystical thing . . ." and argued to the jury that they could convict the defendant if they were "pretty certain" of his guilt. The defendant objected to these improper statements and the trial court overruled the objection and instructed the jury that what the lawyers said in argument was not the law, and that the court would instruct the jury concerning the applicable law. De-

fendant did not renew his objection, ask for additional curative instructions or move for a mistrial following these instructions. "It is well established that if [defendant] deemed the remedy inadequate, it was incumbent upon [him] to seek [additional] curative instructions or move for a mistrial, which [he] did not do." *Timberlake v. State*, 200 Ga. App. 64, 65 (1) (406 SE2d 537) (1991). Consequently, we are without authority to address defendant's fifth enumeration of error, inasmuch as defendant failed to take the necessary steps to preserve this issue for appellate consideration. See, e.g., *Johnson v. State*, 197 Ga. App. 384 (2) (398 SE2d 432) (1990); *Livingston v. State*, 193 Ga. App. 502 (1) (388 SE2d 406) (1989); *Dorsey v. State*, 188 Ga. App. 695 (2) (374 SE2d 102) (1988).

6. Contrary to defendant's final enumeration of error, the evidence adduced against him at trial was sufficient under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson, J., and Justice George H. Carley concur.*

DECIDED MARCH 17, 1993.

*Thomas M. Jackson*, for appellant.
*Ralph M. Walke, District Attorney, L. Craig Fraser, Assistant District Attorney*, for appellee.