A94A1968. CLAY v. THE STATE.
(454 SE2d 198)

McMURRAY, Presiding Judge.
Defendant was tried before a jury and found guilty of rape

(Count 1), aggravated sodomy (Count 2) and aggravated child molestation (Count 3). The trial court merged Counts 1 and 2 of the indictment and ordered defendant to serve consecutive 20-year sentences on the remaining counts of the indictment. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the evidence is insufficient to support his convictions, arguing there was proof that the victim was also sexually molested by someone other than himself. This argument is without merit.

Although there was evidence that one of the victim's brothers had sexual contact with the victim, testimony from the nine-year-old victim, the victim's ten-year-old brother (an eyewitness), the victim's mother and an investigator with the Atlanta Police Youth Squad reveals that defendant committed acts against the victim constituting rape, aggravated sodomy and aggravated child molestation. " ' "[A]ny questions of the credibility of witnesses and the weight to be given their testimony is entirely within the province of the jury. (Cits.)" (Cits.)' *Smith v. State*, 263 Ga. 224 (1) (430 SE2d 579) (1993). Accordingly, the evidence in this case is sufficient to authorize a rational trier of fact to find proof of [defendant's] guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Smith v. State*, supra; *Roker v. State*, 262 Ga. 220 (1) (416 SE2d 281) (1992)." *Stephens v. State*, 264 Ga. 761 (1) (450 SE2d 192).

2. Next, defendant contends the "trial court erred in refusing to take curative action, as requested by [his trial attorney], when his character was improperly placed in issue by the District Attorney."

The request for curative instructions referred to in this enumeration of error arose while the State's attorney was cross-examining defendant. The pertinent portion of the trial transcript provides as follows: "[STATE'S ATTORNEY]: Mr. Clay, you didn't call there and ask [the victim] to get on the phone and tell her to change her story because she's lying? [DEFENDANT]: No. Q. You never called there? A. No. Q. You didn't harrass [sic] them and try and fire bomb their house? A. No. [DEFENSE COUNSEL]: Objection, your Honor. . . . THE COURT: Ms. Wynn, [the State's attorney,] there is an objection. [DEFENSE COUNSEL]: If she has proof of other criminal activity, she knows the way to get it in. THE COURT: That's inappropriate. There has been absolutely no foundation. [DEFENSE COUNSEL]: I make a motion for mistrial at this time. THE COURT: Denied. [DEFENSE COUNSEL]: I ask for curative instructions to the jury, your Honor. THE COURT: Denied. [DEFENSE COUNSEL]: I renew my objection at this time. THE COURT: Denied. Go ahead." The State's attorney then continued cross-examination of defendant.

312

" '[T]he trial court has broad discretion in fashioning a remedy to alleviate a problem created by the utterance of inadmissible evidence, and its exercise may not be reversed unless abused. (Cit.)' *Whiteley v. State*, 188 Ga. App. 129 (1) (372 SE2d 296) (1988)." *James v. State*, 196 Ga. App. 569, 571 (396 SE2d 306). In the case sub judice, we cannot say the trial court abused its discretion in refusing defense counsel's request for curative instructions as "there are instances where 'curative instructions would serve only to emphasize the alleged error.' *Griggs v. State*, 181 Ga. App. 618 (2) (353 SE2d 97) (1987)." *James v. State*, 196 Ga. App. 569, 571, supra. Moreover, we are satisfied the lack of curative instructions does not require a new trial in the case sub judice as "consideration of the entire record satisfies us that it is highly probable that the argument did not contribute to the verdict. *Blanchard v. State*, 247 Ga. 415 (2) (276 SE2d 593) (1981)." *Horne v. State*, 192 Ga. App. 528, 529 (385 SE2d 704).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 15, 1995.

*Carla J. Friend,* for appellant.
*Lewis R. Slaton, District Attorney, Herman L. Sloan, Suzanne Wynn, Frances E. Cullen, Assistant District Attorneys,* for appellee.